## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATHANIAL E. FREEMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-01052 |
| QUICKEN LOANS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes NATHANIAL E. FREEMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN LOANS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.   Plaintiff is a 62-year-old natural "person," as defined by 47 U.S.C. §153(39).

5.   Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumer in Illinois.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   In approximately 2015, Plaintiff began receiving calls to his cellular phone, (217) XXX-1461, from Defendant.

9.    At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1461.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant mainly uses the phone numbers (855) 909-2271, (800) 251-9080, and (311) 373-3000 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant to make outgoing solicitation calls to consumers.

12. When Plaintiff answers Defendant's phone calls, he experiences a noticeable pause, lasting several seconds in length, before a live representative gets on the line.

13. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit him to sign up for a loan.

14. Plaintiff told Defendant that he is not interested in its loan products and services and demanded that it stop calling his cellular phone.

15. Despite Plaintiff's demands, Defendant continued to regularly call his cellular phone attempting to solicit his business well into the latter half of 2017.

16. Defendant has also called Plaintiff's cellular phone multiple times during the same day even after being asked to stop calling.

17. For example, on June 24, 2017, Plaintiff received two calls from Defendant that were placed within seconds of one another.

18. Defendant has called Plaintiff's cellular phone at least 14 times since he demanded that it stop calling.

19. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

20. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $50.00 to purchase and maintain an application subscription on his cellular phone to help quell Defendant's calls. However, the calls have persisted.

21. Plaintiff has been unfairly harassed by Defendant's actions.

22.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23.   Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25.   Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, that Plaintiff experiences on answered calls from Defendant is instructive that an ATDS was being utilized to generate the calls. Similarly, the frequency and nature of Defendant's calls, including the placing of multiple phone calls to Plaintiff's cellular phone within seconds of one another, further illustrate Defendant utilized an ATDS when contacting Plaintiff.

26.   Defendant violated the TCPA by placing at least 14 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff did not consent to receive the subject phone calls from Defendant.  Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that Defendant cease contacting him.

4

27. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant was made aware of Plaintiff's wishes not to be contacted a handful of times. Yet, in defiance of Plaintiff's demands, it continued to knowingly and intentionally place calls to his cellular phone.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

31. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

32. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after he requested that it no longer do so. Plaintiff notified Defendant that he was not interested in its services and to stop calling.

34. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's numerous requests and unfairly continued to systematically contact him at least 14 times thereafter. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and ultimately take out a loan from Defendant.

35. Defendant has also placed multiple calls to Plaintiff's cellular phone on the same day, with such calls often coming in within seconds of one another, even after Defendant was told to stop calling. Placing multiple calls a day on a frequent basis is extremely harassing behavior that amounts to an unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

36. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The ICFA further states:

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

38. As pled in paragraphs 18 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application subscription on her cellular phone in an attempt to quell its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant a number of times that he was not interested in its services and to stop calling, yet, he was still bombarded with solicitation phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

7

Dated: February 12, 2018                             Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                Counsel for Plaintiff
Admitted in the Northern District of Illinois        Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com