# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| NATHANIAL E. FREEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>QUICKEN LOANS INC.,<br><br>        Defendant. | Case No. 1:18-cv-01052<br><br>Hon. Frederick J. Kapala |

## MEMORANDUM OF LAW IN SUPPORT OF
## QUICKEN LOANS INC.'S MOTION TO DISMISS

Plaintiff Nathanial Freeman ("Plaintiff" or "Freeman") brings this lawsuit against Quicken Loans Inc.—a multiple J.D. Power award winner for customer service—based upon generic allegations about unidentified calls that the Company allegedly placed to his cellphone between some unspecified date in 2015 and some unspecified date in late 2017. He claims that the calls violated the cellphone provision of the Telephone Consumer Protection Act ("TCPA")—47 U.S.C. § 227(b)(1)(A)(iii) (the "cellphone provision"). He also purports to assert a derivative claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505 *et seq.* predicated entirely upon the alleged TCPA violation.

At the outset, Plaintiff's claims should be dismissed because he previously failed to oppose Quicken Loans' original Motion to Dismiss (Dkt. No. 15) the Complaint. Specifically, on April 3, 2018 and when this lawsuit was pending in the Eastern Division of this Court, Quicken Loans timely moved to dismiss the Complaint. Dkt. No. 15. That Motion asserted the same meritorious grounds for this dismissal—save for Plaintiff's failure to timely oppose—as this renewed Motion. But Plaintiff failed to oppose Quicken Loans' original Motion to Dismiss or to seek an extension

of the time for him to do so at any time on or before the April 26 opposition deadline set by Judge Aspen. Plaintiff will likely respond that the point is of no moment because Judge Aspen subsequently denied Quicken Loans' original Motion to Dismiss "as moot without prejudice" in connection with his Order transferring the case to this Division. But that administrative happenstance does change the simple fact that Plaintiff never opposed Quicken Loans' original Motion. And, it is well-settled in this Court that the failure to timely oppose a motion without good cause waives any opposition arguments. *Strohl v. Village of Fox River Grove*, No. 13-cv-50352, 2014 WL 2738627, at *2 (N.D. Ill. June 17, 2014) (the "'longstanding rule [is] that a litigant waives an argument by failing to make it'" and that a party that fails to respond to a motion to dismiss has "effectively defaulted any argument in opposition") (quoting *Burton v. City of Franklin*, No. 11-cv-267, 2011 WL 2938029, at *2 (S.D. Ind. July 18, 2011) and citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)). Following this caselaw, this Court should deem Plaintiff's opposition arguments waived and grant this Motion.

This Motion also should be granted because Freeman's Complaint is facially defective in that it fails to plead sufficient factual allegations to establish personal jurisdiction over Quicken Loans in this matter in this Court. In addition, the Complaint also fails to state a cognizable TCPA or ICFA claim under Federal Rule of Civil Procedure 8. For instance, while he is quick to advance conclusory allegations of statutory violations arising from calls purportedly made to him by Quicken Loans, Freeman does not bother to plead the dates and times of any of the challenged calls, does not identify with whom he spoke on any of the calls, and does not allege what was said during the calls. Similarly, while he asserts that the challenged calls came after he purportedly asked Quicken Loans to stop calling him, he pleads no factual allegations about when or how this purported request was made. Federal Rule of Civil Procedure 8 requires more—namely, *factual*

2

allegations from which this Court can conclude that Freeman's claims are plausible, not just possible. Freeman's barebones allegations and regurgitation of the statutory elements of his claims fail this requirement, and so his Complaint should be dismissed.

The Complaint also suffers from numerous other defects that provide independent and adequate grounds for dismissal.

First, Freeman pleads no factual allegations to plausibly allege that Quicken Loans made any calls to him using an "automated telephone dialing system" ("ATDS")—a necessary element of his purported TCPA cellphone provision claim. Shortly after this lawsuit was filed, the D.C. Circuit held that the ATDS element requires a plaintiff to plead and prove that the challenged calls were made using "equipment with the 'capacity' to perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *ACA Int'l v. FCC*, 885 F.3d 687, 693 (D.C. Cir. 2018). The Complaint, however, contains no allegations that Quicken Loans made any calls to Freeman's purported cellphone using equipment with the capacity to perform either function. The Complaint thus fails to state a cellphone provision claim as a matter of law. *See Skoja v. DirectBuy, Inc.*, 35 F.Supp.3d 996, 1001 (N.D. Ill. 2014); *Johnson v. Vivant, Inc.*, No. 12-cv-7159, 2012 WL 5690551, at *3 (N.D. Ill. Dec. 18, 2012); *Abbas v. Selling Source, LLC*, No. 09-3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009).

Second, according to his own allegations, Freeman has no cellphone provision claim at all. This is because, as pled, his TCPA claim is primarily predicated upon allegations that Quicken Loans did not stop calling him after he allegedly revoked prior consent to calls from the Company. That is not a claim under the cellphone provision about calls made without prior express consent using an ATDS. Instead, at best, it is a potential claim about calls made after an alleged revocation

3

of prior express consent. Any such claim arises under and implicates an entirely different TCPA regulation—47 C.F.R. § 64.1200(d)(3). Freeman, however, does not even cite that regulation much less plead the requisite factual allegations—an unambiguous request not to receive future calls and calls continuing for an unreasonable time after that request—necessary to implicate it. 47 C.F.R. § 64.1200(d)(3); *Wolfkiel v. Intersections Insurance Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014).

Finally, Plaintiff's ICFA claim should be dismissed because (1) it is entirely derivative of his defective TCPA claim; (2) Plaintiff lacks statutory standing to sue under the ICFA because he fails to allege facts sufficient to meet the Illinois Supreme Court's "consumer nexus test"; and (3) Plaintiff has otherwise failed to plead facts to show the statute is somehow applicable here (and it is not).

## **BACKGROUND**[1]

Plaintiff vaguely alleges that, between "approximately 2015" and "the latter half of 2017," someone from or on behalf of Quicken Loans "regularly call[ed] his cellular phone attempting to solicit his business." Compl. ¶¶ 8, 12, and 15. He claims that some of these calls—the ones he challenges here—came from Quicken Loans' team members (employees) after he purportedly requested that the calls cease at some unidentified date with some unidentified statement. *Id.* ¶ 18. Plaintiff, however, provides no other factual allegations about the calls, such as the dates and times of the calls, what was said during the calls, or what Plaintiff said and when he said it to request that the calls stop. And, aside from asserting that he is a "62-year-old natural 'person'" (Compl.

---

[1] Although Quicken Loans disputes Plaintiff's allegations, the Court must assume the truth of the factual allegations for purposes of a Rule 12(b)(6) Motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). If the Complaint survives dismissal (and it should not), Quicken Loans intends to establish that Plaintiff's claims are based inaccurate factual statements and otherwise without merit.

4

¶ 4) and providing his purported cellular telephone number ending in -1461 (*id.* ¶ 8), Plaintiff provides no information about himself such as where he resides or where he was when he claims he received the challenged calls.

## THE APPLICABLE LEGAL STANDARDS

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant through the allegations of his complaint "bears the burden of establishing a prima facie case of personal jurisdiction." *Henneberger v. Ticom Geomatics, Inc.*, 602 Fed.Appx. 352, 353 (7th Cir. 2015) (citing *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697-98 (7th Cir. 2015)). A complaint that attempts to meet that burden by resting on conclusory statements and threadbare allegations is subject to dismissal under Rule 12(b)(2). *Id.*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this Court "must accept as true all of the allegations contained in a complaint that are not legal conclusions," it is well-settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to state a plausible claim. *Toulon v. Continental Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (internal quotations omitted). Instead, to satisfy Rule 8, a

complaint must "allege[] enough facts to render the claim not just conceivable, but facially plausible." *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010).

Applying these well-established standards to the Complaint demonstrates that Plaintiff's claims should be dismissed.

**ARGUMENT**

I.  **PERSONAL JURISDICTION OVER QUICKEN LOANS IS LACKING.**

Plaintiff bears the burden of pleading sufficient facts to establish that this Court has personal jurisdiction over Quicken Loans. *N. Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). He has not met that burden here, and so the Complaint should be dismissed pursuant to Rule 12(b)(2).

Federal courts have personal jurisdiction over a foreign defendant only when (1) there is specific jurisdiction because the lawsuit "arises out of the forum-related activity," or (2) there is general jurisdiction because "the defendant can be said to be 'at home'" in the forum State. *Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Where, as here, the complaint is devoid of factual allegations that any of the challenged conduct took place in the forum, and the defendant is not "at home" in the state, personal jurisdiction is lacking and the claim should be dismissed. *See Linehan v. Golden Nugget*, No. 05-cv-7030, 2008 WL 4181743, at *6-7 (N.D. Ill. Sept. 5, 2008).

Quicken Loans is not subject to general personal jurisdiction in Illinois. This is because, absent "exceptional cases," corporations are subject to general personal jurisdiction only where they are incorporated or where they maintain their principal place of business. *BNSF Ry.*, 137 S. Ct. at 1558-59; *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Plaintiff correctly pleads that Quicken Loans is a Michigan corporation headquartered in Detroit. Compl. ¶ 5. That

allegation alone is sufficient to establish that Quicken Loans is not subject to general personal jurisdiction in Illinois. *BNSF, Ry.*, 137 S. Ct. at 1558-59 (no general personal jurisdiction over railroad company with 2,000 miles of railroad and over 2,000 employees in the forum state because it was not incorporated there and did not maintain its principal place of business there); *Daimler AG*, 134 S. Ct. at 760–61 (rejecting as "unacceptably grasping" the notion that general jurisdiction could be conferred by merely doing business in a state that was not the place of incorporation or principal place of business).

Nor does Plaintiff plead factual allegations sufficient to implicate specific personal jurisdiction over Quicken Loans. To establish specific personal jurisdiction, Plaintiff must plead facts showing "that the alleged controversy between the parties 'arise[s] out of' or 'relate[s] to' the defendant's forum contacts in addition to establishing that minimum contacts exist." *Linehan*, 2008 WL 4181743, at *3 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir.2003)). Although Plaintiff generically claims that "a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois," (Compl. ¶ 3), Plaintiff pleads no facts in support of that bald assertion or to otherwise connect this case to Illinois. He does not, for example, allege that he is a resident of Illinois, does not allege that the subject calls were received or placed in Illinois, and does not allege that Quicken Loans conducted any specific activities in Illinois that gave rise to his claims. Without such allegations, Freeman has failed to carry his burden to plead a *prima facie* case that this Court somehow has specific personal jurisdiction over Quicken Loans here. *Bristol-Myers Squibb*, 137 S. Ct. at 1782 (no specific personal jurisdiction when plaintiffs were non-residents and did not claim to have suffered harm in the forum state); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Because the episode-in-suit, the bus accident, occurred in France, and the tire alleged to have

7

caused the accident was manufactured and sold abroad, North Carolina courts lacked specific jurisdiction to adjudicate the controversy."); *Linehan*, 2008 WL 4181743, at *6-7 (dismissing complaint for failure to plead facts showing the court had specific jurisdiction over defendant).

Plaintiff's pleading of an Illinois area code for his purported cellphone compels no different conclusion. Cellphones, by their very nature, are portable. As a result, the area code for a cellphone number cannot be used to establish where the alleged user of that cellphone resided or was located at the time of the calls in question. *See, e.g.*, *Hicks v. Health Ins. Innovations, Inc.*, No. 17-cv-3344, 2017 WL 6764054, at *3 (D.N.J. Dec. 20, 2017). Indeed, many cellphone users have numbers with area codes different from where they reside for a host of different reasons.

Plaintiff's failure to plead any factual allegations supporting this Court's exercise of personal jurisdiction over Quicken Loans warrants dismissal of his Complaint in full.

## II. **PLAINTIFF FAILS TO STATE A SECTION 227(b)(1)(A)(iii) CLAIM.**

To state a cellphone provision claim, Plaintiff must at least plead plausible factual allegations: (1) that Quicken Loans called him on his cellphone, (2) using an ATDS, (3) without his prior express consent. Here, the Complaint is devoid of factual allegations on each of these elements.

### A. The Complaint Pleads No Factual Allegations about the Date, Time, or Content of Any of the Challenged Calls.

Here, as noted, Freeman pleads no factual allegations about the dates and times of any of the challenged calls, does not identify with whom he spoke on any of the calls, and does not allege what was said during the calls. In the absence of such basic factual allegations, Freeman pleads nothing from which this Court could plausibly conclude that the challenged calls came from Quicken Loans. *Hanley v. Green Tree Svcing., LLC*, 934 F.Supp.2d 977, 983-84 (N.D. Ill. 2013).

### B. The Complaint Pleads No Factual Allegations that Any of the Challenged Calls Were Made Using an ATDS.

The D.C. Circuit recently issued a unanimous ruling invalidating prior guidance by the Federal Communication Commission ("FCC") interpreting what constitutes an ATDS. The D.C. Circuit's ruling reinforces that the plain language of Congress' statutory definition of an ATDS (Section 227(a)(1)) controls. *See ACA*, 885 F.3d at 693, 701-703. In *ACA*, the D.C. Circuit held that, consistent with the statutory definition, an ATDS must "perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *Id.* at 693 (quoting 47 U.S.C. § 227(a)(1)); *see also Marshall v. CBE Group, Inc.*, No. 16-cv-2406, 2018 WL 1567852, at *4-5 (March 30, 2018); *Herrick v. GoDaddy.com LLC*, No. 16-cv-254, 2018 WL 2229131, *6-8 (D. Arizona, May 14, 2018). It follows, therefore, that to state a cognizable cellphone provision claim, Freeman must plead factual allegations that the challenged calls to him were made with equipment performing both functions. *See* Compl. ¶ 24. He has not.

Plaintiff's two proffered bases for his ATDS allegation compel no different conclusion. First, he alleges that "[t]he noticeable pause, lasting several seconds in length, that [he] experiences on answered calls from Defendant is instructive that an ATDS was being utilized to generate the calls." Compl. ¶ 25. But vague (and "instructive") allegations of a "pause" when answering unidentified calls on unspecified dates fall well short of pleading that Quicken Loans used a random or sequential number generator to generate and dial his number in connection with any of the challenged calls. While some courts previously held that such a "pause" was indicative of the use of a predictive dialer (*see e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-05665, 2015 WL 1254681, at *17 (N.D. Cal. Mar. 18, 2015) ("the 'telltale' pause after plaintiff picked up each

9

call until the agent began speaking [] suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used")), the D.C. Circuit overturned the FCC guidance that predictive dialers meet the definition of an ATDS. *Marshall*, 2018 WL 1567852, at *4-5; *Herrick*, 2018 WL 2229131, *7. The D.C. Circuit instead held that "at least some predictive dialers . . . have no capacity to generate random or sequential numbers," and so would not qualify as an ATDS. *ACA*, 885 F.3d at 703. Any "pause" Freeman supposedly heard is therefore insufficient to plead that Quicken Loans used an ATDS to call him. *See Iqbal*, 556 U.S. at 680 (allegations of unlawful conduct are implausible when the conduct is more likely explained by lawful behavior).

Second, Plaintiff asserts that "the frequency and nature of Defendant's calls, including the placing of multiple calls to plaintiff's cellular phone within seconds of one another, further illustrate Defendant utilized an ATDS when contacting Plaintiff." Compl. ¶ 25. Even accepting as true Plaintiff's allegation that he received calls "within seconds of one another" (although Plaintiff provides no dates or times of the calls to render that allegation plausible), this also says nothing about random or sequential number generation. Here again, the D.C. Circuit specifically rejected the FCC's statement that the function of an ATDS is to "dial thousands of numbers in a short period of time," because that fails to speak to the equipment's capacity for "generating [random or sequential] numbers and then dialing them." *ACA*, 885 F.3d at 702, 703.

### C. The Complaint Fails to Plead Plausible Allegations that Plaintiff Did Not Consent to the Challenged Calls.

Plaintiff conspicuously fails to allege that he never provided his consent for Quicken Loans to call him, despite the fact that lack of prior express consent is an essential element of a cellphone provision claim. 47 U.S.C. § 227(b)(1)(A); *Dolemba v. Kelly Svcs., Inc.*, No. 16-cv-4971, 2017 WL 429572, at *2-4 (N.D. Ill. Jan. 31, 2017); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734

10

(N.D. Ill. Dec. 1, 2014). Indeed, Freeman himself pleads (tellingly) that he "may have" consented to Quicken Loans calling him. Compl. ¶ 26. And, in a further tacit admission that he did, in fact, consent to the challenged calls, Freeman focuses this lawsuit only on the calls he allegedly received "since he demanded that [Quicken Loans] stop calling." Compl. ¶ 18. Taken together, Freeman's allegations render implausible any claim that he did not consent to the challenged calls and, in so doing, foreclose his cellphone provision claim as a matter of law. 47 U.S.C. § 227(b)(1)(A); *Dolemba*, 2017 WL 429572, at *2-4; *Toney*, 75 F. Supp. 3d at 734.

To the extent Plaintiff may argue in response that this Court should ignore the issue of consent at this stage because consent is an affirmative defense, his argument would be misplaced. It is black-letter law that failing to plead an essential element of a claim or pleading an affirmative defense to that claim (*e.g.*, statute of limitations) requires dismissal pursuant to Rule 12(b)(6) because, in both cases, the plaintiff has failed to state a cognizable claim. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014). Both circumstances are present here.

Likewise, to the extent Freeman may argue that he had revoked his earlier consent, his argument would again be misplaced. As an initial matter, challenges to calls made after the revocation of consent do not lie under the cellphone provision, but instead arise under Section 64.1200(d) of the TCPA regulations. *See Nece v. Quicken Loans Inc.*, No. 16-cv-2605, Dkt. No. 136 at 11-13 (M.D. Fla. March 15, 2018). But Freeman neither cites nor purports to make any claim under that Section. And, even if he had, the Complaint lacks sufficient factual allegations to plead a violation of that regulation. It is well-settled that, to be effective, any revocation of consent must "clearly express[] a desire not to receive further messages." *ACA*, 885 F.3d at 694 (internal quotations omitted). But here Freeman nowhere alleges the means and content of his

alleged revocation. Nor does he plead factual allegations about when he revoked his consent. This too is fatal because the TCPA (through the FCC's implementing regulations) employs a common-sense approach that allows a caller a reasonable time not to exceed 30 days to comply with a request that they stop calling under 47 C.F.R. § 64.1200(d)(3). 2003 FCC Order at 14043, ¶ 44. Without allegations about the timing of the challenged calls in relation to Freeman's purported revocation of consent, this Court cannot conclude that Plaintiff has set forth a plausible claim that any of the challenged calls fall outside the regulatory safe harbor and are thus potentially actionable.

## IV. PLAINTIFF'S ICFA CLAIM SUFFERS FROM SEVERAL FATAL DEFECTS.

To state an ICFA claim, Plaintiff must allege "(1) a deceptive act or practice by defendant; (2) that the act or unfair practice occurred in a course of conduct involving trade or commerce; (3) that the defendant intended plaintiff to rely on the deception; and (4) that actual damages were proximately caused by the deception." *Vessal v. Alarm.com*, No. 17-cv-2188, 2017 WL 4682736, at *3 (N.D. Ill. Oct. 18, 2017) (Coleman, J.) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012)).

Here, Plaintiff does not (and cannot) allege that Quicken Loans engaged in any deceptive practice. Instead, the Complaint purports to allege an ICFA claim under the statute's unfairness prong (rather than its "deceptive act or practice" prong). An act or practice is "unfair" under the ICFA if it "(1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers." *Id.* (citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 418 (2002)). This claim is predicated solely upon Plaintiff's defective TCPA cellphone provision claim. *See* Compl. ¶¶ 33-34. But, Plaintiff's effort to parlay a handful of

unidentified calls he purports to have received over three years into a claim under the ICFA fails for multiple, independent reasons.

### A. Plaintiff's Derivative ICFA Claim Fails with His TPCA Claim.

First, Plaintiff's derivative ICFA claim fails alongside his defective cellphone provision claim. Where, as here, a plaintiff seeks to satisfy the first prong of an ICFA claim—that the conduct alleged "offends public policy"—by alleging a violation of federal law, dismissal of the federal claim mandates dismissal of his ICFA claim. *Dolemba*, 2017 WL 429572, at *4. As Quicken Loans explained in detail above, Plaintiff's cellphone provision claim is defective in multiple respects and so cannot sustain his ICFA claim.

### B. Plaintiff Lacks Statutory Standing for His ICFA Claim.

Second, Plaintiff lacks statutory standing because his allegations foreclose any claim that he is a "consumer" within the meaning of the ICFA. *See Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F.Supp.2d 898, 912 (N.D. Ill. 2012) (Castillo, J.). The ICFA defines the term "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 Ill. Comp. Stat. 505/1(e). Here, however, Plaintiff alleges that he refused to do business with Quicken Loans, not that he purchased or contracted for the purchase of merchandise. *See* Compl. ¶ 14. He has thus pled himself out of an ICFA claim.

Although some non-consumers may have statutory standing to sue under the ICFA if they meet the so called "consumer nexus test," Plaintiff again fails to plead the necessary factual allegations from which this Court could conclude that he meets the consumer nexus test. *Thrasher-Lyon*, 861 F.Supp.2d at 911. That test requires the non-consumer plaintiff to plead that (1) his "actions were akin to a consumer's actions to establish a link between [him] and consumers; (2) how defendant's representations . . . concerned consumers other than [plaintiff]; (3) how

defendant's particular [action] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." *Thrasher-Lyon*, 861 F.Supp.2d at 912 (internal quotations omitted). Freeman pleads none of these elements.

This case is thus just like *Thrasher-Lyon*. There, the plaintiff sued under the TCPA and ICFA challenging telephone calls and letters she purportedly received from an insurance company attempting to force her to settle a claim. *Thrasher-Lyon*, 861 F.Supp.2d at 902-903. In considering whether plaintiff had statutory standing under the ICFA, the court concluded that her claims did not satisfy the consumer nexus test because they "fail[ed] to set forth any factual allegations plausibly supporting any consumer concerns" beyond her own. *Id.* at 912. Freeman's ICFA claim here is similarly deficient, and so should be dismissed.

### C. Plaintiff Fails to Allege a Cognizable ICFA Claim.

Finally, Plaintiff fails to provide factual allegations of any substantial injury or conduct by Quicken Loans that was oppressive or immoral.

Recently, in *Battle v. Bridgepoint Education, Inc.*, this Court dismissed an ICFA claim that was almost identical to Plaintiff's here. In *Battle*, the plaintiff asserted that she received 13 calls in violation of the ICFA's unfairness prong. No. 16-cv-9513, 2017 WL 748634, at *1 (N.D. Ill. Feb. 27, 2017) (Shah, J.). There the court held that the plaintiff failed to state a cognizable claim because the calls did not satisfy the "oppressiveness" factor and because her alleged injuries were insubstantial. *Id.* at *1-2. Importantly, the court concluded that plaintiff's actions of downloading an application and switching her cellphone provider to avoid the calls were not "indicative of oppression," and so failed to state a claim. *Id.* at *1.

The same conclusion as in *Battle* attends here. In his Complaint, Freeman claims he received 14 calls from Quicken Loans (just one more call than the plaintiff in *Battle*). And, in an attempt to plead "oppression," Freeman alleges that he spent $50 for an application to "help quell

14

Defendant's calls." Compl. ¶ 20. Even accepting that allegation as true, Plaintiff's purported expenditure on the application is insufficient to plead a plausible claim of "oppression." *Battle*, 2017 WL 748634, at *2 (holding that modest expenditure coupled with necessity of switching cellphone carriers was insufficient to plead oppression).

Moreover, a $50 expenditure does not rise to the level of "substantial injury" under the ICFA. For example, in *G.M. Sign, Inc. v. Elm Street Chiropractic, Ltd.*, the court concluded that actual injuries of double that amount ($100) were not sufficient to meet ICFA's requirement of substantial injury. *See* 871 F.Supp.2d 763, 771 (N.D. Ill. 2012) (Kendall, J.). What is more, to meet that requirement, Plaintiff must show the injury was unavoidable. *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 741 (7th Cir. 2017). Here, the alleged injury—the purchase of the application—was not unavoidable, as the decision to purchase a $50 application was Plaintiff's alone.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Motion and dismiss the Complaint.

Dated: May 18, 2018	Respectfully Submitted,

By:	*/s/ J. Michael Hearon*
Brooks R. Brown
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
bbrown@goodwinlaw.com

J. Michael Hearon (ARDC# 6307485)
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654-3406
(312) 715-5000 | (312) 715-5155 (fax)
michael.hearon@quarles.com

*Attorneys for Quicken Loans Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

*/s/ J. Michael Hearon*
J. Michael Hearon