UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NATHANIAL E. FREEMAN, | AMENDED CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-01052 |
| QUICKEN LOANS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## FIRST AMENDED COMPLAINT

NOW comes NATHANIAL E. FREEMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN LOANS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.,* and the Illinois Telephone Solicitations Act ("ITSA") under 815 ILCS 413/1 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 62-year-old natural "person," as defined by 47 U.S.C. §153(39), residing in Rockford, Illinois, which lies within the Northern District of Illinois.

5. Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumer in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately 2015, Plaintiff began receiving calls to his cellular phone, (217) XXX-1461, from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1461. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Most, if not all, of Defendant's phone calls to Plaintiff were placed while Plaintiff was residing and located within the Rockford, Illinois area.

11. Defendant mainly uses the phone numbers (855) 909-2271, (800) 251-9080, and (311) 373-3000 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant to make outgoing solicitation calls to consumers.

13. When Plaintiff answers Defendant's phone calls, he experiences a noticeable pause, lasting several seconds in length, before a live representative gets on the line.

14. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit him to sign up for a loan.

15. Plaintiff told Defendant that he is not interested in its loan products and services and demanded that it stop calling his cellular phone.

16. Despite Plaintiff's demands, Defendant continued to regularly call his cellular phone attempting to solicit his business well into the latter half of 2017.

17. Defendant has also called Plaintiff's cellular phone multiple times during the same day even after being asked to stop calling.

18. For example, on June 24, 2017, Plaintiff received two calls from Defendant that were placed within seconds of one another.

19. Defendant has called Plaintiff's cellular phone at least 14 times since he demanded that it stop calling.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $50.00 to purchase and maintain an application subscription on his cellular phone to help quell Defendant's calls. However, the calls have persisted.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, that Plaintiff experiences on answered calls from Defendant is instructive that an ATDS was being utilized to generate the calls. Similarly, the frequency and nature of Defendant's calls, including the placing of multiple phone calls to Plaintiff's cellular phone within seconds of one another, further illustrate Defendant utilized an ATDS when contacting Plaintiff.

27. Defendant violated the TCPA by placing at least 14 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff did not consent to receive the subject phone calls from Defendant. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that Defendant cease contacting him.

28. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes not to be contacted a handful of times. Yet, in defiance of Plaintiff's demands, it continued to knowingly and intentionally place calls to his cellular phone.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

32. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

33. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

34. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff in the manner it did after he requested that it no longer do so. Plaintiff notified Defendant that he was not interested in its services and to stop calling. Additionally, it was deceptive for Defendant to repeatedly misrepresent its lawful ability to contact Plaintiff in the manner it so chose.

35. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's numerous requests and unfairly continued to systematically contact him thereafter. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and ultimately take out a loan from Defendant.

36. Defendant has also placed multiple calls to Plaintiff's cellular phone on the same day, with such calls often coming in within seconds of one another, even after Defendant was told to stop calling. Placing multiple calls a day on a frequent basis is extremely harassing behavior that

6

amounts to an unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

39. Plaintiff was the subject of Defendant's incessant and relentless solicitation efforts, even though he had no relationship with Defendant and had not consented to its contacts. Regardless of whether a consumer has any sort of relationship with an entity engaging in telephone solicitations or whether an individual decides to purchase something as a result of such solicitations, the nature of Defendant's conduct in placing relentless solicitation phone calls after consent for such calls has been explicitly revoked is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive solicitation phone calls without consent for such calls and after an explicit request has been made that such contacts cease. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application subscription on his cellular phone in an attempt to quell its phone calls. But for Defendant's phone calls, Plaintiff would not have purchased the application and would not have suffered pecuniary loss. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant a number of times that he was not interested in its services and to stop calling, yet, he was still bombarded with solicitation phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

42. Furthermore, Defendant violated the ICFA by engaging in conduct which constitutes a violation of the ITSA. *See* 815 ILCS 505/2Z.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS TELEPHONE SOLICITATIONS ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "subscriber" under the ITSA, as defined by 815 ILCS 413/5.

45. The ITSA provides, pursuant to 815 ILCS 413/15, that "[a] live operator soliciting the sale of goods or services shall . . . inquire at the beginning of the call whether the person called consents to the solicitation; and . . . if the person called requests to be taken off the contact list . . . the operator must refrain from calling that person again and take all steps necessary to have that person's name and telephone number removed from the contact records of the business or organizations so that the person will not be contacted again by the business or organization."

46. In addition to making the failure to comply with the above referenced provisions a violation of the ITSA, the ITSA further provides, pursuant to 815 ILCS 413/25, that "[i]t is a violation of this Act to continue with a solicitation placed by a live operator without the consent of the called party."

47. Defendant violated the above referenced provisions of the ITSA by: continuing to contact Plaintiff after he demanded that the phone calls cease, failing to inquire at the beginning of phone calls whether Plaintiff consented to the solicitation(s), and failing to refrain from contacting Plaintiff after he demanded that the phone calls cease.

48. As plead in paragraphs 19 through 23, Plaintiff suffered concrete injury as a result of Defendant's conduct, and is therefore entitled to relief pursuant to 815 ILCS 413/25.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and treble damages, pursuant to 815 ILCS 413/25(d);

c. Awarding Plaintiff costs and reasonable attorney fees, pursuant to 815 ILCS 413/25(d);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 16, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Illinois             Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com