# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| NATHANIEL E. FREEMAN, | |
| Plaintiff, | Case No.: 1:18-cv-01052 |
| v. | Honorable Judge Frederick J. Kapala |
| QUICKEN LOANS, INC., | Honorable Magistrate Ian. D. Johnston |
| Defendant. | |

### PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT QUICKEN LOANS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW comes NATHANIEL J. FREEMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., responding to QUICKEN LOAN, INC.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion"), and in support thereof states as follows:

### I. INTRODUCTION

Defendant, in a meagre attempt to attack Plaintiff's Complaint, argues in conclusory fashion that Plaintiff's First Amended Complaint fails to provide sufficient factual support to state a plausible claim for relief under the Telephone Consumer Protection ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and the Illinois Telephone Solicitations Act ("ITSA"). Plaintiff's has sought to dismiss his ICFA claim against Defendant, leaving only Plaintiff's claims against Defendant under the TCPA and ITSA remaining.

As it relates to Plaintiff's TCPA claim, Defendant argues that Plaintiff's TCPA claim fails to state a viable claim for several reasons, each lacking merit. First, Defendant argues that Plaintiff's TCPA claim fails because he did not plead factual allegations about the date, time, or

1

content of any of the phone calls serving as the basis for the instant lawsuit. This argument is unpersuasive and has been repeatedly rejected by courts. Second, Defendant argues that Plaintiff has failed to plead a viable TCPA claim because the First Amended Complaint ("FAC") fails to contain factual allegations regarding Defendant's use of an automatic telephone dialing system ("ATDS"). Defendant is incorrect and fails to observe the nature of Plaintiff's allegations. Finally, Defendant advances a confusing and misguided argument that Plaintiff's TCPA claim fails because the FAC demonstrates that Plaintiff consented to receiving the phone calls at issue. As discussed further below, Defendant's argument in this regard overlooks the entire concept of revocation of consent under the TCPA.

As it relates to Plaintiff's ITSA claim, Defendant argues, without any citation to any authority, that Plaintiff's ITSA claim should be dismissed because he did not purchase anything as a result of Defendant's harassing solicitation campaign. Defendant's position in incorrect and would contravene the consumer protection purpose of the ITSA.

As such, Defendant's Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

In approximately 2015, Plaintiff began receiving calls from Defendant to his cellular phone. [Plaintiff's FAC, Dkt. 43, ¶ 8]. Upon answering Defendant's calls, Plaintiff would experience a noticeable pause, lasting several seconds in length, before he was connected with one of Defendant's live representatives. [*Id.* ¶ 13].

When Plaintiff was able to speak with one of Defendant's representatives, he was informed that it was calling in an attempt to solicit Plaintiff to sign up for a loan. [*Id.* ¶ 14]. Plaintiff then informed Defendant that he was not interested in its loan products and services and demanded that

it stop calling his cellular phone. [*Id.* ¶ 15]. Despite this demand, Defendant continued to regularly contact Plaintiff attempting to solicit his business well into the latter half of 2017. [*Id.* ¶ 16].

Defendant placed at least 14 phone calls to Plaintiff's cellular phone since he demanded that it stop calling, including placing multiple phone calls on the same day. [*Id.* at ¶¶ 17-19]. Defendant's phone calls were so bothersome to Plaintiff that he spent approximately $50 to purchase and maintain an application subscription on his cellular phone to help address Defendant's calls, yet the calls continued. [*Id.* ¶ 21].

### III. <u>LEGAL STANDARD</u>

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010).

### IV. <u>LEGAL ARGUMENT</u>

#### A. <u>Plaintiff States a Viable Claim under the TCPA</u>

As is illustrated below, Plaintiff states viable claims under the TCPA by sufficiently pleading facts which, when accepted as true, outline a claim for relief which is plausible on its face. To properly plead a TCPA claim, a plaintiff must allege: (1) that a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior express consent of the recipient. *Harris v. World Financial Network National Bank,* 867 F. Supp. 2d 888, 892-97 (E.D. Mich. 2012); *see also,* 47 U.S.C § 227(b)(1)(iii).

Defendant's Motion states that "the Complaint is devoid of factual allegations on each of these elements." *See* Defendant's Motion at 5. Defendant is incorrect. Although Defendant fails to expound upon this idea further in its Motion, Plaintiff has clearly satisfied the first element necessary to support a TCPA claim – that Defendant's phone calls were made to Plaintiff's cellular phone. [Plaintiff's FAC, Dkt. 43, ¶ 8].

### a. Plaintiff's FAC satisfies the liberal federal pleading standards

Defendant argues that Plaintiff's FAC must be dismissed because the FAC has no factual allegations about the date, time, or content of any of Defendant's phone calls. Defendant's argument in this regard overlooks both the nature of Plaintiff's FAC, as well as the liberal pleading standards governed by Fed. R. Civ. P. 8.

In support of its argument, Defendant cites exclusively to *Hanley v. Green Tree Servicing, LLC,* 934 F. Supp. 2d 977 (N.D. Ill. 2013) for the proposition that Plaintiff's FAC must be dismissed. Defendant's argument and its reliance on *Hanley* are misguided. In *Hanley,* the plaintiff merely alleged that the defendant placed "multiple" calls to his cell phone with an ATDS over the past "four years." *Id.* at 978. Here, Plaintiff's allegations are noticeably more specific as he alleged a more concise call volume (at least 14), more concise ATDS allegations (equipment having the

capacity to store or produce numbers to be called, using a random or sequential number generator, and dialing such numbers), more concise information about particular calls (multiple calls on the same day, including June 24, 2017) and a more concise time frame (between approximately 2015 through the latter half of 2017). [Plaintiff's FAC, Dkt. 43, ¶¶ 8, 16-19, 25-27]. Plaintiff has further provided the contents of his discussion with Defendant (upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit him to sign up for a loan). [*Id.* at ¶ 14]. Plaintiff's complaint thus satisfies the liberal pleading requirement by any standard. Plaintiff details the requisite "who, when, and how" to place Defendant on notice of the claims he brings against it. As such, Defendant is wrong to suggest that there is nothing in the FAC "from which this Court could plausibly conclude that the challenged calls even came from Quicken Loans." A simple and earnest review of Plaintiff's FAC demonstrates the futility of Defendant's argument. As a result, Defendant's argument and its reliance on *Hanley* misses the mark.

Further demonstrating the futility of Defendant's argument is the Northern District of Illinois Case *McCoy v. A-1 Diabetes & Med. Supply, Inc.,* 2017 U.S. Dist. LEXIS 188121 (N.D. Ill. Nov. 14, 2017). In this case, the court noted:

> Contrary to [defendant's] assertion, [plaintiff] has provided [defendant] with a general time-frame and the general nature of the contents of the calls. [Plaintiff] alleges that she received calls starting in May 2017, and continued to receive calls up until the filing of this action in June 2017. [Plaintiff] has also indicated that the cell phone number at which she was contacted and the numbers used to call her. [Plaintiff] is not required to document every call or provide a transcript of the phone conversations to meet the federal pleading standard for a TCPA claim. [Plaintiff] also provides a general explanation as to her contact with [defendant] and her statements to [defendant] that she did not consent to receiving any further phone calls from [defendant]. . . . [Plaintiff] has provided sufficient facts to state a valid TCPA claim. Therefore, the motion to dismiss the TCPA claim is denied.

*Id.* at \*3-4. Much like the plaintiff in *McCoy,* Plaintiff has set forth sufficient facts regarding the overall nature of his communications with Defendant such that he has stated a viable claim under the TCPA.

> **b. Plaintiff's FAC contains sufficient factual actual allegations regarding Defendant's use of an ATDS**

Defendant suggests that Plaintiff has failed to plead cognizable facts demonstrating Defendant's use of an ATDS to place phone calls to Plaintiff's cellular phone. Defendant cites to the Second Circuit's *ACA International* opinion and its treatment of FCC guidance, as well as several district court opinions that have had the occasion to interpret that decision. Defendant cites to these cases for the proposition that to be considered an ATDS, such system must perform what the statutory definition says it must perform – i.e., that the phone system was capable of producing or storing numbers to be called using a random or sequential number generator, and to dial those numbers. *See* Defendant's Motion at 6. Thereafter, Defendant makes the bold claim that "[c]onsistent with these holdings, to state a cognizable cellphone provision claim, a plaintiff must plead factual allegations that the challenged calls were made with equipment performing both statutorily defined functions." *Id.*[1] However, Defendant completely overlooks the nature of Plaintiff's complaint and the legion of case law which has interpreted allegations regarding ATDS usage as being sufficient to survive a motion to dismiss.

In the context of TCPA claims and allegations of a defendant's use of an ATDS at the motion to dismiss stage, courts have repeatedly recognized "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . ." *Cunningham v. Techstorm, LLC,* No. 3:16-cv-2879, 2017 U.S. Dist. LEXIS 25047, \*7 (N.D. Tex. Feb. 23, 2017)

---

[1] Defendant does not cite to any portion of any of the opinions it offers that stands for this proposition. The likely reason Defendant failed in this regard is because none of those cases reach as far as Defendant suggests.

(citing *Hickey v. Voxernet, LLC,* 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash 2012)); *see also, Loveless v. A1 Solar Power, Inc.,* 2015 U.S. Dist LEXIS 96429, *8 (C.D. Cal. Jul. 23, 2015). In the instant case, Plaintiff is in a similarly difficult position. It would be nearly impossible for Plaintiff to determine the precise nature of the system utilized by Defendant to generate the calls simply by receiving such calls. Instead, discovery would be necessary in order to make such a determination.

In recognizing this difficulty, courts routinely find that that plaintiffs have sufficiently established defendants' use of an ATDS, and thus denied motions to dismiss, when such plaintiffs plead facts substantially similar to those alleged by Plaintiff here. *See Crawford v. Target Corp.,* No. 3:14-cv-0090, 2014 U.S. Dist. LEXIS 159203, *7 (N.D. Tex. Nov. 10, 2014) (finding plaintiff to have alleged facts sufficient to establish Defendant's use of an ATDS when plaintiff alleged "that . . .upon answering Defendant's calls, she experienced periods of silence before hearing a live representative on the line"); s*ee also, Cunningham v. Techstorm, LLC,* No. 3:16-cv-2879, 2017 U.S. Dist. LEXIS 25047, *7 (N.D. Tex. Feb. 23, 2017) ("the Court notes that Plaintiff's description of the calls as including dead-air time is sufficient to establish use of an [ATDS]"); *see also, Loveless,* 2015 U.S. Dist. LEXIS 29982, at *8 (finding plaintiff's allegations regarding defendant's use of an ATDS, "particularly . . . allegations regarding 'dead air' plaintiff experienced with respect to several calls, sufficient to survive a motion to dismiss" because "[s]uch allegations are sufficient to 'raise a reasonable expectation that discovery will reveal evidence of' the use of an ATDS").

Defendant states that "[a]ny 'pause' [Plaintiff] supposedly heard on the unidentified calls he challenges is therefore insufficient to plead that Quicken Loans used an ATDS to call him." Defendant's Motion at 6. Defendant makes this statement, despite citing to no specific case which

7

has explicitly found that a noticeable pause in insufficient to plausibly plead that such calls were placed with an ATDS.[2] The *closest* case which Defendant argues supports this position is the court's holding in *Pinkus v. Sirius XM Radio, Inc.,* 2018 WL 3586186, 2018 U.S. Dist. LEXIS 125043 (N.D. Ill. July 26, 2018). *However,* important to note is that the plaintiff in *Pinkus* did not make allegations regarding noticeable silence to establish Defendant's use of an ATDS. Instead, the plaintiff in *Pinkus* alleged that the calls were placed "using 'predictive dialing' technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party." *Id.* at * 9. As such, the court's decision in *Pinkus* is distinguishable and does not address whether Plaintiff has pled sufficient factual allegations establishing Defendant's use of an ATDS.

In addition to the noticeable pause Plaintiff experiences upon answering Defendant's phone calls, Plaintiff's FAC contains additional factual allegations which establish Defendant's use of an ATDS. Specifically, Plaintiff's allegations that Defendant continued to call even after he demanded that the calls stop, as well as Plaintiff's allegations that multiple phone calls were placed on the same day within short succession, further indicate Defendant's use of an ATDS. *Gamboa v. Merrick Bank Corp.,* No. 1:16-cv-02350, 2016 U.S. Dist. LEXIS 188589, *17-19 (N.D. Ga. Nov. 30, 2016) (denying defendant's motion to dismiss and finding plaintiff sufficiently plead defendant's use of an ATDS when plaintiff alleged he heard a "click, beep, or delay" prior to being connected to an operator and where plaintiff alleged that he told defendants to stop calling yet the calls continued); *White v. Synchrony Bank,* No. 8:15-cv-01205, 2015 U.S. Dist. LEXIS 134629 (M.D. Fla. Oct. 2, 2015) (denying motion to dismiss plaintiff's TCPA claim, noting that plaintiff's

---

[2] Defendant cites to *Marshall, Herrick, Pinkus,* and *Dominguez* to support its contention that a noticeable pause is not sufficient to establish the use of an ATDS for purposes of motions to dismiss. However, only *Pinkus* involved a decision at the motion to dismiss stage, rendering Defendant's reliance on the other cases unavailing.

"allegation that [defendant] ignored his request to stop calling him supports an inference that the defendant was using [an ATDS]."); *Neptune v. Whetstone Partners, LLC,* 34 F. Supp. 2d 1247, 1250 (S.D. Fla. 2014) (finding plaintiff's TCPA claim contained sufficient factual allegations to survive defendant's motion to dismiss where plaintiff alleged that numerous calls were received over a six-month period, including multiple calls on the same day, and that defendant ignored plaintiff's demands to cease calling, concluding that such facts suggested that defendant was using an ATDS). As such, Defendant's continuing to place calls to Plaintiff after being notified to stop, and receiving multiple phone calls per day[3] are all facts which, when taken as true, further illustrate that Plaintiff has plead sufficient facts to give rise to an inference of Defendant's use of an ATDS.

In sum, there are ample facts, including the noticeable pause, continuing to place calls to Plaintiff after he requested that the phone calls stop, and placing multiple calls on the same day within short succession, from which the Court can plausibly infer that Defendant used an ATDS (or which establish that discovery will likely reveal evidence of the use of an ATDS). To require Plaintiff to, somehow, be able to plead that a phone system has the ability to randomly or sequentially store or produce numbers to be called, and to call such numbers, solely on the basis of receiving such phone calls, would place an unreasonably high burden on plaintiff's bringing TCPA claims. If Defendant's position were correct, it would result in the virtual abolition of the TCPA given the inherent inability of consumers to know the precise nature of the phone system used to place calls to their phones. This is why virtually all courts recognize this difficulty and look to circumstantial evidence of the nature of the calls to determine whether a plaintiff has plausibly plead the usage of an ATDS to place the complained-of phone calls. Plaintiff has made

---

[3] Defendant asserts that Plaintiff's failure to provide dates and times of the calls make the allegations implausible. As discussed above in *McCoy,* Plaintiff would not be required to plead such facts with the level of detail requested by Defendant.

such a showing in this case, demonstrating why Defendant's Motion should be denied as it relates to Plaintiff's TCPA claims.

### c. Plaintiff's FAC contains sufficient factual allegations regarding a lack of consent to receive phone calls

As stated above, to state a claim for purposes of the TCPA, a plaintiff must allege that the phone calls were placed without the prior express consent of the recipient. *Harris v. World Financial Network National Bank,* 867 F. Supp. 2d 888, 892-97 (E.D. Mich. 2012); *see also,* 47 U.S.C § 227(b)(1)(iii). Defendant seems to argue that Plaintiff fails to establish this necessary element given that Plaintiff's FAC demonstrates that Plaintiff consented to receiving the phone calls. Defendant patently misrepresents the nature of Plaintiff's FAC, as Plaintiff explicitly claims "Plaintiff did not consent to receive the subject phone calls from Defendant." [Plaintiff's FAC, Dkt. 43, ¶ 27]. Furthermore, even if Plaintiff did consent to receive the phone calls, Plaintiff states "[a]ny consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that Defendant cease contacting him." [*Id.*]. These facts demonstrate that Plaintiff has sufficiently plead that Defendant's phone calls were placed without his prior express consent. *See, Aguilar v. Ocwen Loan Servicing, LLC,* 289 F. Supp. 3d 1000 (D. Minn. Jan. 30, 2018) (noting that allegations that plaintiff "revoked prior consent, if any had been given, and that [defendant] continued to call him after the revocation of consent" were sufficient to survive a motion to dismiss).

Although Defendant correctly points out that it is Defendant's burden to establish prior express consent, that point is irrelevant given the extent to which Plaintiff has properly and sufficiently plead that the phone calls were placed without prior express consent.

Defendant then goes on to submit a farcical argument that "to the extent Freeman may argue that his cellphone provision claim should survive because he allegedly revoked his earlier consent, his argument would again be misplaced." Defendant's Motion at 9. This statement alone

10

is clearly erroneous, as a brief review of the extensive authority cited in this response demonstrates that allegations that consent was revoked is sufficient to establish that calls were placed without prior express consent.

Defendant's comedy of errors continues, as Defendant goes on to state that "challenges to calls made after the revocation of consent do not lie under the cellphone provision, but instead arise under Section 64.1200(d) of the TCPA regulations." *Id.* Again, the ample authority cited throughout this response demonstrates the untenable nature of Defendant's argument. Within its baseless and erroneous argument, Defendant makes a similarly baseless argument that "Freeman nowhere alleges facts that, if proven, would be sufficient to show the means and content of his alleged revocation." Defendant's Motion at 9. Plaintiff clearly alleges that he told Defendant to stop calling. As discussed at length above, this is sufficient for purposes of the TCPA.

Therefore, the Court should find that Plaintiff has sufficiently set forth factual allegations in his FAC which, when accepted as true and interpreted in a light most favorable to Plaintiff, demonstrate that Plaintiff has stated a TCPA claim which is plausible on its face.

B. **Plaintiff States a Viable Claim under the ITSA**

Defendant argues that Plaintiff fails to state a claim under the ITSA because he was not a "customer" of Defendant. As an initial matter, Defendant fails to cite to any case law or other instructive authority supporting its contention. Instead, Defendant attempts to draw reliance from the dictionary and other Illinois statutes to graft a definition of "customer" that would require such person to purchase goods or services from an entity in order to sue that entity for violating the ITSA. The nature of the ITSA demonstrates the ridiculous outcomes that would follow if its conceptualization of "customer" were followed.

The ITSA provides, pursuant to 815 ILCS 413/15, that "[a] live operator soliciting the sale of goods or services shall . . . inquire at the beginning of the call whether the person called consents to the solicitation; and . . . if the person called requests to be taken off the contact list . . . the operator must refrain from calling that person again and take all steps necessary to have that person's name and telephone number removed from the contact records of the business or organizations so that the person will not be contacted again by the business or organization." The ITSA goes on to make it a violation of the act for a person "to continue with a solicitation placed by a live operator without the consent of the called party."

Clearly, the ITSA was designed to protect persons from being subjected to unwanted solicitation phone calls after such person has requested that the calls stop. If we take Defendant's position as true, it would essentially require a person who is receiving unwanted telemarketing phone calls to purchase something as a result of those unwanted telemarketing phone calls in order to sue for the unwanted phone calls. As such, Defendant's reading of the ITSA would result in the creation of absurd results which would cut against the very consumer protection goal surrounding the ITSA. Rather than adhere to Defendant's narrow conceptualization of "customer," the Court should apply a broader construction of the term, more in line with what store owners would define as customers.[4]

Furthermore, this Court has briefly looked at the ITSA and has noted that factual allegations similar to those advanced by Plaintiff here state claims for violations of the ITSA. In *Battle v. Bridgepoint Educ., Inc.*, 2017 U.S. Dist. LEXIS 26576 (N.D. Ill. Feb. 27, 2017), the Plaintiff alleged that she began receiving telemarketing calls from the defendant, that she told defendant she was not interested in its services and to stop calling, and that the defendant continued

---

[4] Think of a brick and mortar retail store. If an individual walks into a particular retail store, the proprietor would likely refer to that person as a customer, regardless of whether such person actually purchased something.

12

to call thereafter. *Id.* at *2-3. The Court noted "[a]ssuming the allegations in [plaintiff's] complaint are true, defendant's conduct violated the Illinois Telephone Solicitations Act, *see* 815 ILCS 413/25, and the TCPA, *see* 47 U.S.C. § 227(b)(1)(A)." Given the similarities between the allegations in *Battle* and the allegations at issue here, it is clear that Plaintiff has plead sufficient facts giving rise to a plausible claim for Defendant's violation of the ITSA.

Therefore, because Plaintiff has set forth sufficient facts showing that Defendant violated the ITSA, Defendant's Motion should be denied to the extent it seeks dismissal of Plaintiff's claims under the ITSA.

### C. Plaintiff Has Withdrawn his ICFA Claim

After Defendant filed its Motion, Plaintiff has sought to withdraw those claims, so no response is warranted to Defendant's arguments as to why Plaintiff's ICFA claim fails.

## V. CONCLUSION

As set forth herein, Plaintiff's FAC presents sufficient factual allegations which, when taken as true, illustrate that Plaintiff has stated plausible claims against Defendant for violations of the TCPA and ITSA. Plaintiff's complaint is well plead and Defendant's motion should be denied. Alternatively, in the event any of Plaintiff's claims are found to warrant dismissal, this Court should allow Plaintiff leave to amend his Complaint.

WHEREFORE, Plaintiff, NATHANIEL E. FREEMAN, respectfully requests this Honorable Court enter an order denying Defendant's Motion in its entirety and for any other relief just and appropriate.

Dated: September 14, 2018                                Respectfully submitted,

                                                         s/Eric D. Coleman
                                                         Eric D. Coleman, Esq. #6326734
                                                         Counsel for Plaintiff
                                                         Admitted in the Northern District of Illinois

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on September 13, 2018, he caused a copy of the foregoing, **PLAINTIFF'S AMENDED RESPONSE TO QUICKEN LOAN, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served electronically via CM/ECF system on:

QUARLES & BRADY, LLP

James Michael Hearon
michael.hearon@quarles.com

300 N. LaSalle St.
Suite 4000
Chicago, IL 60654

GOODWIN PROCTER LLP

W. Kyle Tayman
KTayman@goodwinlaw.com

901 New York Ave, NW
Washington, DC 20001

Respectfully submitted,

s/ Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff