UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NATHANIAL E. FREEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUICKEN LOANS INC.,<br><br>　　　　Defendant. | Case No. 1:18-cv-01052<br><br>Hon. Frederick J. Kapala<br><br>Hon. Magistrate Iain D. Johnston |

**QUICKEN LOANS INC.'S ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

　　Defendant Quicken Loans Inc. ("Quicken Loans")—the largest residential mortgage lender in the United States and multiple J.D. Power award winner for customer satisfaction in mortgage origination and servicing—hereby provides its answers, other responses, and affirmative and other defenses to the claims and allegations of Plaintiff Nathanial Freeman ("Plaintiff") in the First Amended Complaint ("Complaint" or "FAC") (Dkt. No. 43).

　　At the outset, Quicken Loans notes that, on February 26, 2019, this Court (i) granted Quicken Loans' motion to dismiss for failure to state a claim (Dkt. No. 47) with respect to Count III, and (ii) granted Plaintiff's motion to dismiss Count II of the FAC (Dkt. No. 51). Dkt. No. 67. Accordingly, no response is required to Plaintiff's claims and allegations relating to Count II or Count III in the Complaint. To the extent any of the allegations relating to Count II or Count III in the Complaint may be construed to contain allegations of fact directed to Quicken Loans requiring a response in connection with the sole remaining count (Count I), Quicken Loans expressly denies all such allegations.

In addition, Quicken Loans' responses are made without waiving, and expressly reserving, all rights Quicken Loans has to file dispositive motions directed to Count I. Except as specifically admitted herein, each and every allegation in the Complaint is denied. Quicken Loans' responses to the individually numbered and other paragraphs of the Complaint are as follows:

NOW comes NATHANIAL E. FREEMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN LOANS, INC. ("Defendant"), as follows:[1]

**ANSWER:** In response to the first unnumbered Paragraph of the Complaint, Quicken Loans states that the allegations in first unnumbered paragraph are introductory and conclusory in nature and therefore require no response. To the extent the allegations may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

## "NATURE OF THE ACTION"[2]

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, and the Illinois Telephone Solicitations Act ("ITSA") under 815 ILCS 413/1 *et seq.* for Defendant's unlawful

---

[1] Quicken Loans repeats each paragraph of Plaintiff's First Amended Complaint pursuant to Local Rule 10.1. In doing so, Quicken Loans does not admit the truth of any allegation repeated herein, but instead expressly denies any such allegations. In light of this Court's Order dismissing Counts II and III (Dkt. No. 67), Quicken Loans will not repeat Plaintiff's allegations in Counts II and III.

[2] Quicken Loans' inclusion of the headings used in the Complaint is strictly for ease of reference by the Court and parties. Quicken Loans does not admit the truth of any allegation contained within any headings or sub-headings, but instead expressly denies any such allegations.

ACTIVE/98684135.7

practices.

**ANSWER:** Paragraph 1 is introductory in nature and otherwise states conclusions of law to which no response is required. To the extent Paragraph 1 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them and states that the referenced statutes speak for themselves and are the best evidence of their contents. Quicken Loans further specifically denies that it engaged in any "unlawful practices."

### "JURISDICTION AND VENUE"

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** Paragraph 2 contains no allegations of fact directed to Quicken Loans requiring a response, and otherwise states conclusions of law to which no response is required. To the extent Paragraph 2 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, states that the referenced statutes speak for themselves and are the best evidence of their contents, and specifically denies that it has conducted any unlawful practice and that it has any liability to Plaintiff.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** Paragraph 3 states conclusions of law to which no response is required. To the extent Paragraph 3 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans admits only that it makes mortgage loans secured by

real property located in Illinois. The remaining allegations in Paragraph 3 concerning the "substantial portion" of unidentified "events or omissions" are vague, ambiguous, and imprecise. Quicken Loans cannot, therefore, admit or deny them, and so denies them.

### "PARTIES"

4. Plaintiff is a 62-year-old natural "person," as defined by 47 U.S.C. §153(39), residing in Rockford, Illinois, which lies within the Northern District of Illinois.

**ANSWER:** Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age or current state of residence, and so denies them. Further answering, Quicken Loans admits only that Rockford, Illinois is in located in the Northern District of Illinois. The remaining allegations in Paragraph 4 are introductory and conclusory in nature and otherwise state conclusions of law to which no response is required. To the extent Paragraph 4 may be construed to contain additional allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them and states only that the referenced statute speaks for itself and is the best evidence of its contents.

5. Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumers in Illinois.

**ANSWER:** In response to the allegations in the first sentence of Paragraph 5, Quicken Loans admits only that it is a corporation organized under the laws of the State of Michigan, that it maintains its principal place of business at the referenced address, that it is a residential mortgage lender, and that it is licensed in and conducts business in Illinois and other states. Quicken Loans otherwise denies the remaining allegations in the first sentence of Paragraph 5.

The allegations in the second sentence of Paragraph 5 are vague, ambiguous, and imprecise in that they fail to identify the relevant "consumers" and "mortgage lending services." Quicken Loans cannot, therefore, admit or deny the allegations, and so denies them. Further answering, Quicken Loans specifically denies that it "solicited" Plaintiff to "enroll in its mortgage lending services." Plaintiff (or someone acting or purporting to act on his behalf) repeatedly requested and consented to calls from Quicken Loans during the subject time period, and voluntarily provided the subject phone number to Quicken Loans for that purpose. Except as specifically admitted here, Quicken Loans denies the allegations in Paragraph 5.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Paragraph 6 states conclusions of law to which no response is required. To the extent Paragraph 6 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans states only that the referenced statute speaks for itself and is the best evidence of its contents.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**ANSWER:** Paragraph 7 is vague, ambiguous, and imprecise in that it fails to identify the actions purportedly undertaken by Quicken Loans through any of the unidentified persons or entities listed in the Paragraph. Quicken Loans cannot, therefore, admit or deny the allegations in Paragraph 7, and so denies them.

### "FACTS SUPPORTING CAUSES OF ACTION"

8. In approximately 2015, Plaintiff began receiving calls to his cellular phone, (217) XXX- 1461, from Defendant.

5

**ANSWER:** Quicken Loans admits only that its team members made calls to the subject telephone number in 2015 in response to prior requests for and consent to calls from Quicken Loans to that number. Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, including as to Plaintiff's purported "receipt" of the unidentified calls, and so denies them. Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 8.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1461. Plaintiff is and has always been financially responsible for the cellular phone and its services.

**ANSWER:** Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and so denies them.

10. Most, if not all, of Defendant's phone calls to Plaintiff were placed while Plaintiff was residing and located within the Rockford, Illinois area.

**ANSWER:** Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and so denies them.

11. Defendant mainly uses the phone numbers (855) 909-2271, (800) 251-9080, and (311) 373-3000 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

**ANSWER:** Quicken Loans admits only that its team members made calls to the subject telephone number from (800) 251-9080, (311) 373-3000, and other numbers. Quicken Loans denies that its team members made any calls to the subject telephone number using the (855) 909-2271 number, and states that, inasmuch as the subject telephone calls are not identified, it lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 11, and so denies them. Further answering, Quicken Loans states that it lacks knowledge or information sufficient to form a belief regarding whether the referenced "cellular phone" belongs to Plaintiff, and so denies them. Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 11.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant to make outgoing solicitation calls to consumers.

**ANSWER:** In response to the allegations in Paragraph 12, Quicken Loans admits only that its team members made calls to the subject telephone number using the phone numbers (800) 251-9080 and (311) 373-3000. Quicken Loans denies that its team members made any calls to the subject telephone number using the (855) 909-2271 number, and otherwise states that the remaining allegations in Paragraph 12 concerning the "regular utilization" of certain numbers to make unidentified calls to unidentified "consumers" are vague, ambiguous, and imprecise. Quicken Loans cannot, therefore, admit or deny them, and so denies them. Except as expressly admitted and stated herein, Quicken Loans denies all allegations in Paragraph 12.

13. When Plaintiff answers Defendant's phone calls, he experiences a noticeable pause, lasting several seconds in length, before a live representative gets on the line.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 13.

14. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit him to sign up for a loan.

**ANSWER:** The allegations in Paragraph 14 are vague, ambiguous, and imprecise in that they do not identify the subject telephone calls or "Defendant's representatives." Quicken Loans cannot, therefore, admit or deny the allegations in Paragraph 14, and so denies them.

15. Plaintiff told Defendant that he is not interested in its loan products and services and demanded that it stop calling his cellular phone.

**ANSWER:** The allegations in Paragraph 15 are vague, ambiguous, and imprecise in that they do not identify the subject telephone calls or the "loan products and services." Quicken Loans cannot, therefore, admit or deny the allegations in Paragraph 15, and so denies them.

16. Despite Plaintiff's demands, Defendant continued to regularly call his cellular phone attempting to solicit his business well into the latter half of 2017.

**ANSWER:** Quicken Loans admits only that its team members made calls to the subject telephone number in 2017 in response to various requests for and consent to calls from Quicken Loans at that number. The remaining allegations in Paragraph 16 are vague, ambiguous, and imprecise in that they fail to identify the date and time of Plaintiff's purported "demands" or identify the subject calls. Quicken Loans cannot, therefore, admit or deny the remaining allegations in Paragraph 16, and so denies them. Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 16.

17. Defendant has also called Plaintiff's cellular phone multiple times during the same day even after being asked to stop calling.

**ANSWER:** The allegations in Paragraph 17 are vague, ambiguous, and imprecise in that they fail to identify the subject telephone calls or dates and times of the purported "stop calling" request(s). Quicken Loans cannot, therefore, admit or deny the allegations in Paragraph 17, and so denies them. Further answering, Quicken Loans states that each of the calls its team members made to the subject telephone number were made in response to requests for and consent to calls from Quicken Loans to that number.

8

18. For example, on June 24, 2017, Plaintiff received two calls from Defendant that were placed within seconds of one another.

**ANSWER:** In response to the allegations in Paragraph 18, Quicken Loans admits only that one of its team members made one outbound call to the telephone number ending in -1461 on June 24, 2017, and that the call was not answered. Quicken Loans specifically denies that its team members made "two calls . . . within seconds of one another." Further answering, Quicken Loans states that it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, including as to Plaintiff's purported "receipt" of the referenced call, and so denies them. Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 18.

19. Defendant has called Plaintiff's cellular phone at least 14 times since he demanded that it stop calling.

**ANSWER:** Quicken Loans admits only that its team members made at least 14 calls to the subject telephone number in response to numerous requests for and consent to calls from Quicken Loans to that number. Further answering, Quicken Loans states that, inasmuch as the subject telephone calls are not identified, and the date and time of the purported "stop calling" demand is not identified, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and so denies them. Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 19.

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

**ANSWER:** Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and so denies them.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $50.00 to purchase and maintain an application subscription on his cellular phone to help quell Defendant's calls. However, the calls have persisted.

**ANSWER:** Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21, and so denies them. The allegations in the second sentence of Paragraph 21 are vague, ambiguous, and imprecise in that they do not identify the subject calls. Quicken Loans cannot, therefore, admit or deny them, and so denies them. Further answering, Quicken Loans states that each of the calls its team members made to the subject telephone number were made in response to requests for and consent to calls from Quicken Loans to that number.

22. Plaintiff has been unfairly harassed by Defendant's actions.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 22, and specifically denies that Plaintiff is entitled to any relief in this action.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 23, specifically denies that Plaintiff suffered any "concrete harm," and specifically denies that Plaintiff is entitled to any relief in this action.

## "COUNT 1 – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT"

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

**ANSWER:** Quicken Loans hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 23 above.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER:** Paragraph 25 contains no allegations of fact directed to Quicken Loans requiring a response, and otherwise purports to state conclusions of law to which no response is required. To the extent Paragraph 25 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, and states that the references statutes speak for themselves and are the best evidence of their contents.

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, that Plaintiff experiences on answered calls from Defendant is instructive that an ATDS was being utilized to generate the calls. Similarly, the frequency and nature of Defendant's calls, including the placing of multiple phone calls to Plaintiff's cellular phone within seconds of one another, further illustrate Defendant utilized an ATDS when contacting Plaintiff.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 26.

11

27. Defendant violated the TCPA by placing at least 14 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff did not consent to receive the subject phone calls from Defendant. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that Defendant cease contacting him.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 27.

28. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER:** The allegations in Paragraph 28 are vague, ambiguous, and imprecise in that they fail to identify the subject "calls," and otherwise purport to state conclusions of law to which no response is required. To the extent a further response may be required, Quicken Loans denies the allegations in Paragraph 28.

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes not to be contacted a handful of times. Yet, in defiance of Plaintiff's demands, it continued to knowingly and intentionally place calls to his cellular phone.

**ANSWER:** Quicken Loans denies the allegations in Paragraph 29, specifically denies that it violated the TCPA, specifically denies that it knowingly or willfully violated the TCPA, specifically denies that it made calls to the subject telephone number in "defiance" of Plaintiff's purported "wishes" not "to be contacted," and specifically denies that Plaintiff is entitled to any relief in this action.

WHEREFORE, Plaintiff, NATHANIAL E. FREEMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** In response to the unnumbered paragraph following Paragraph 29 of the Complaint that begins with the word "WHEREFORE," Quicken Loans denies that Plaintiff is entitled to any relief in this lawsuit, including any of the relief requested in Paragraphs (a) – (e).

## "COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT"

On February 26, 2019, the Court granted Plaintiff's motion to dismiss Count II of the FAC. (Dkt. No. 67). Quicken Loans will, therefore, not respond to allegations regarding that claim in Paragraphs 30 to 41 of the Complaint, except to deny them as moot and incorporate its responses to Paragraphs 1 to 29 by reference as if fully set forth herein.

In response to the unnumbered paragraph following Paragraph 41 of the Complaint that begins with the word "WHEREFORE," Quicken Loans states that, on February 26, 2019, the Court granted Plaintiff's motion to dismiss Count II of the FAC. (Dkt. No. 67). Quicken Loans will, therefore, not respond to allegations regarding that claim, except to deny that Plaintiff is entitled to any of the relief requested and state that Plaintiff's request for relief is moot.

## "COUNT III – VIOLATIONS OF THE ILLINOIS TELEPHONE SOLICITATIONS ACT"

On February 26, 2019, the Court granted Quicken Loans' motion to dismiss with respect to Count III. (Dkt. No. 67). Quicken Loans will, therefore, not respond to allegations regarding that claim in Paragraphs 42 to 48 of the Complaint, except to deny them as moot and incorporate its responses to Paragraphs 1 to 41 by reference as if fully set forth herein.

In response to the unnumbered paragraph following Paragraph 48 of the Complaint that begins with the word "WHEREFORE," Quicken Loans states that, on February 26, 2019, the Court granted Quicken Loans' motion to dismiss with respect to Count III of the FAC. (Dkt. No. 67). Quicken Loans will, therefore, not respond to allegations regarding that claim, except to deny that Plaintiff is entitled to any of the relief requested and state that Plaintiff's request for relief is moot.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The FAC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claim is or may be barred, in whole or in part, because he lacks standing.

### THIRD DEFENSE

Plaintiff lacks standing to pursue his claim because he, upon information and belief, has suffered no cognizable injury fairly traceable to the challenged conduct.

### FOURTH DEFENSE

Plaintiff lacks standing to pursue his claim for injunctive relief because, among other reasons, there is no risk of future injury.

### FIFTH DEFENSE

Recovery on Plaintiff's claim is barred or limited by all defenses, statutory or otherwise, available under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, applicable regulations, and applicable case law, including that Plaintiff (or someone acting or purporting to act on his behalf) consented to, invited, and provided prior permission to receive the challenged calls, and Quicken Loans reserves and asserts all such defenses as if fully set forth herein.

### SIXTH DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, if and to the extent the relief would unfairly subject Quicken Loans to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy

is unrestricted by sensible standards, or the relief would have an unfair economic impact on Quicken Loans.

### SEVENTH DEFENSE

To the extent Quicken Loans placed a telephone call to Plaintiff in reliance on information provided by third parties, Quicken Loans hereby pleads and relies upon all rights, claims, and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained.

### EIGHTH DEFENSE

Quicken Loans relies on any and all defenses and limitations applicable to the subscribers or user(s) of the alleged telephone number, and co-subscribers to or co-users of the alleged telephone number.

### NINTH DEFENSE

Plaintiff's claim is barred because, upon information and belief, he, someone acting on his behalf, and/or another owner or user of the alleged -1461 number, consented to and invited the challenged telephone calls.

### TENTH DEFENSE

Quicken Loans honored any opt-out request Plaintiff may have made within a reasonable time.

### ELEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because he suffered no actual damages proximately caused by Quicken Loans.

16

## TWELFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Quicken Loans did not engage in willful or knowing conduct in violation of the TCPA.

## THIRTEENTH DEFENSE

Plaintiff's demand for treble damages is barred because Quicken Loans did not engage in willful or knowing conduct in violation of the TCPA.

## FOURTEENTH DEFENSE

Quicken Loans did not use an "automated telephone dialing system," as that term is defined under the TCPA, to place any challenged telephone calls to the subject telephone number.

## FIFTEENTH DEFENSE

Some or all of the relief Plaintiff seeks is not available as a matter of law.

## SIXTEENTH DEFENSE

Quicken Loans expressly reserves its right to amend this Answer, including, but not limited to, by asserting additional defenses or making additional claims or counterclaims for further relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit. Quicken Loans hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## **DEMAND FOR TRIAL BY JURY**

Quicken Loans demands and hereby respectfully requests a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the FAC, Quicken Loans prays for relief as follows:

1. That Plaintiff take nothing by way of the FAC;

2. That the Court dismiss the FAC in its entirety with prejudice, and that judgment be entered in favor of Quicken Loans;

3. That the Court award Quicken Loans its costs and expenses of suit incurred herein, including reasonable costs and attorneys' fees; and

For such other and further relief as this Court deems just and proper.

ACTIVE/98684135.7

Dated: March 12, 2019    Respectfully submitted,

By: */s/ Jennifer Majewski*
Joseph F. Yenouskas (*pro hac vice*)
W. Kyle Tayman (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
jyenouskas@goodwinlaw.com
ktayman@goodwinlaw.com

Jennifer Lisa Majewski (ARDC# 6290114)
Anna-Katrina S Christakis (ARDC# 6242675)
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
(312) 939-0920
jmajewski@pilgrimchristakis.com
kchristakis@pilgrimchristakis.com

*Attorneys for Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2019, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

*/s/ Jennifer Majewski*
Jennifer Majewski